**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES SCHUCK,** | : | **Civil Action No.** |
| 4232 Benner Street | : | |
| Philadelphia, PA 19135 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **CITY OF PHILADLEPHIA,** | : | |
| **PHILADELPHIA POLICE** | : | |
| **DEPARTMENT,** | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, James Schuck (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against City of Philadelphia, Philadelphia Police Department (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, City of Philadelphia, Philadelphia Police Department is the City of Philadelphia's Police Department with a location and headquarters located at 750 Race Street, Philadelphia, PA 19106.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2021-00007 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 2, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on January 9, 1958.

21. On June 16, 1981, Defendant hired Plaintiff in the position of Police Officer.

22. Plaintiff was well qualified for his position and performed well.

23. In September 1987, Defendant promoted Plaintiff to Sergeant.

24. Plaintiff was well qualified for his position and performed well.

### CHIEF INSPECTOR CHRISTOPHER FLACCO BECAME THE HEAD OF THE NARCOTICS BUREAU AND MADE DISCRIMINATORY COMMENTS THE FIRST TIME HE MET WITH PLAINTIFF

25. Since mid-July 2020, the Narcotics Bureau has been commanded by Chief Inspector Christopher Flacco.

26. On August 20, 2020, Plaintiff met Chief Inspector Flacco for the first time during a supervisors' meeting.

27. During this meeting, Chief Inspector Flacco commented how old the supervisors were who were assigned to the Field Unit, including, but not limited to, Plaintiff.

28. Plaintiff was shocked and offended by Chief Inspector Flacco's discriminatory comments.

29. Chief Inspector Flacco proceeded to ask who was in the DROP ("Deferred Retirement Option Plan") Program.

30. Plaintiff's DROP end date was in July 2022.

31. Lieutenant Robert Muldoon (60's) and Plaintiff raised their hands.

## **CHIEF INSPECTOR FLACCO MADE ADDITIONAL DISCRIMINATORY COMMENTS AND ANNOUNCED THE CREATION OF A NEW UNIT**

32. Shortly afterwards, it became known that Chief Inspector Flacco was creating a new unit.

33. On September 14, 2020, Lieutenant Daniel Brooks informed Plaintiff and Lieutenant Muldoon that they were not not being considered for the new squad because of their age and that they were in the DROP program.

34. On September 22, 2020, Chief Inspector Flacco again made derogatory comments on how old the supervisors and personnel assigned to the unit.

35. Chief Inspector Flacco addressed a recent redeployment of Narcotic Field Unit personnel that require members to be in uniform and detailed to protests and rallies in Center City.

36. He stated that, "we are out of the protest business", "we need young guys in here", and he did not believe "the police force needed a bunch of fifty-year-old cops in uniform acting as an ERG (Emergency Response Group)."

37. Plaintiff was shocked and offended by Chief Inspector Flacco's discriminatory comments.

38. Chief Inspector Flacco proceeded to again ask who was in the DROP Program.

39. Plaintiff, along with Lieutenant Muldoon and Lieutenant John McCrorey (60's) raised their hands.

40. Chief Inspector Flacco then went on to inform the group that he was going to create an additional squad of three (3) supervisors and 20 Police Officers to address a particular section of the city.

### CHIEF INSPECTOR FLACCO SELECTED SIGNIFICANTLY YOUNGER EMPLOYEES FOR THE NEWLY CREATED UNIT THAT ALLOWED FOR ADVANCEMENT AND OVERTIME HOURS

41. Chief Inspector Flacco proceeded to select Lieutenant Marques Newsome, Sergeant Vincent Nowakowski and Sergeant Alonzo Jett, all in their 40's, for the three (3) Field Unit Supervisor positions.

42. The Field Unit Supervisor positions have the opportunity to earn overtime

43. Plaintiff, Lieutenant Muldoon and Lieutenant McCrorey have more seniority and experience in the unit, but were not consulted or considered for assignment to the new squad.

44. As a result, Plaintiff, Sergeant Schuck and Lieutenant McCrorey were denied advancement and the opportunity to earn overtime.

### PLAINTIFF FILED A CHARGE OF DISCRIMINATION WITH THE EEOC

45. On October 18, 2022, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant alleging age discrimination.

### CHIEF INSPECTOR FLACCO FORCED PLAINTIFF TO VIOLATE COVID-19 SAFETY PROTOCOL AND WAS SUBSEQUENTLY PLACED ON A MEDICAL LEAVE OF ABSENCE

46. In or around the end of October 2020, Chief Inspector Flacco instructed Plaintiff to get into a van with other officers during the COVID-19 pandemic.

47. Captain David Merrick informed the officers, including, Plaintiff, not to get into the van, but Chief Inspector Flacco overruled him.

48. Shortly afterwards, all of the police officers who went into the van, including, but not limited to Plaintiff tested positive of COVID-19.

49. On November 3, 2020, Plaintiff was placed on medical leave of absence as a result of complications from COVID-19.

50. As a result of Defendant's discriminatory and conduct, Plaintiff has suffered economic harm.

51. It is Plaintiff's position that Defendant discriminated against him due to his age in violation of the ADEA.

### COUNT I – AGE DISCRIMINATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff was born on January 9, 1958.

54. Plaintiff was qualified to perform the job.

55. Defendant treated younger employees more favorably than Plaintiff.

56. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

57. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

58. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – AGE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff was born on January 9, 1958.

61. Plaintiff was qualified to perform the job.

62. Defendant treated younger employees more favorably than Plaintiff.

63. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

64. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

65. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, James Schuck, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

practices which discriminate in violation of the ADEA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: May 31, 2022    By:   */s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*