IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Schuck : <br>          Plaintiff, : <br>        v. : <br> City of Philadelphia : <br>          Defendant. : | CIVIL ACTION <br><br> No. 2:22-cv-02124-MRP |

**MEMORANDUM AND ORDER**

**Perez, J.**                                                                                                                 **May 11, 2023**

     Plaintiff, retired Philadelphia Police Officer James Schuck, brings this employment discrimination action against Defendant City of Philadelphia under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951. This matter comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 25.) Having reviewed Plaintiff's Response in Opposition (Doc. No. 31) and Defendant's Reply thereto (Doc. No. 34), for the reasons set forth below and for good cause shown, Defendant's motion is **DENIED**.

     Viewing the evidence in a light most favorable to Plaintiff, the relevant facts are as follows. In July of 2020, Christopher Flacco became the Chief Inspector of the Narcotics Bureau, the Philadelphia Police Department branch responsible for enforcement of drug laws. Plaintiff James Schuck was a sergeant and supervisor in a subdivision of the Narcotics Bureau knows as the Narcotics Field Unit ("NFU"). Beginning in 2010, Schuck worked specifically in the NFU

1

set up in Philadelphia's Northeast section[1]. Schuck, a 65-year-old man, was scheduled to retire pursuant to the Deferred Retirement Option Program ("DROP") on July 15, 2022. DROP enables employees with City-issued pensions to commit to a retirement date four years in advance and collect both their salaries and pension payments during their final years in service.

Plaintiff has provided evidence that from his earliest days on the job, Chief Inspector Flacco made disparaging comments about the advanced age of the NFU's personnel. Flacco regularly inquired about which members of the unit were DROP participants. Plaintiff avers that he was asked at least three times about his retirement plans. Flacco commented multiple times that the NFU would benefit from the addition of younger officers. By August of 2020, Flacco began reorganizing the East Squad of the NFU, implementing a new vision for drug enforcement strategy in the City's busiest narcotics zone. The reorganization ultimately made East Squad a highly desirable position in that it offered more opportunity for overtime and career advancement. Moreover, the East Squad's new image and cutting-edge policies brought a level of prestige that made it covetable.

Despite his qualifications and prior experience working in the geographic area, Plaintiff was not selected for Flacco's newly overhauled East Squad. Schuck was informed that he would not be considered for the position because of his age and participation in the DROP program. Flacco ultimately replaced the entire personnel previously assigned to East Squad. The prior lieutenant was replaced with a younger individual, and a sergeant younger than Plaintiff was installed.

Defendant argues that Plaintiff's discrimination claim against the City fails as a matter of

---

[1] The NFU is divided up into six squads covering six different geographical divisions across Philadelphia: South, Southwest, Central, North, Northeast and East Division. Schuck previously worked in the East Division for several years.

law because Schuck was not subject to any true adverse employment decision and because the alleged adverse actions were made for legitimate, non-discriminatory reasons not including age.

However, this Court finds that the record provides sufficient evidence under the *McDonnell Douglas* paradigm[2] for a jury to find that: (1) Defendant's failure to consider Plaintiff for the East Squad constitutes an adverse employment action[3]; (2) Plaintiff was treated less favorably than similarly situated younger employees; (3) Plaintiff was passed over for placement in the East Squad because of his age; and (4) Defendant's stated reasons for denying Plaintiff the employment opportunity was pretextual. Plaintiff's deposition highlights a level of hostility Flacco displayed toward Schuck and other older police personnel, which could lead a reasonable jury to infer that age discrimination motivated Defendant's actions.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, this Court's review of the record finds that there exist genuine issues of material fact between the parties, rendering summary judgment inappropriate in this case. Accordingly, Defendant City of Philadelphia's Motion is denied. An appropriate Order to follow.

---

[2] Under the *McDonnell Douglas* framework, an employee must first establish a prima facie case of discrimination. In an ADEA or PHRA case, the employee must demonstrate they: (1) are at least forty years old; (2) suffered an adverse employment decision; (3) were qualified for the position in question; and (4) were ultimately replaced by another employee who was sufficiently younger such that an inference of discriminatory motive may be drawn. *Burton v. Teleflex Inc.,* 707 F.3d 417, 426 (3d Cir.2013). Upon satisfaction of the prima facie standard, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005). If the employer presents such a reason, the employee must then produce evidence that is sufficient to allow a reasonable jury to find by a preponderance of the evidence that the employer's proffered justification is false or pretextual. *Sarullo v. United States Postal Serv.,* 352 F.3d 789, 797 (3d Cir.2003) (per curiam).

[3] *See Torre v. Casio*, Inc., 42 F.3d 825 (3d Cir. 1994); *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 115–116 (3d Cir. 1996).